UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTOR V. REED,

      Plaintiff,

v.                                                          Case No. 3:25-cv-610-MMH-SJH

SERGEANT MICHELLE L. JONES,

      Defendant.

_____

### **ORDER**

Plaintiff Victor V. Reed, an inmate of the Florida penal system, initiated this action on May 23, 2025 (mailbox rule), by filing a pro se Complaint for Violation of Civil Rights (Doc. 1). The Court granted his request to proceed as a pauper (Doc. 6) and separately directed him to file an amended complaint because his allegations, claims, and intended Defendants were unclear. See Order (Doc. 10). In the Order directing Reed to amend his complaint, the Court advised Reed that he could not state a malicious prosecution claim if he had been adjudicated guilty in the underlying criminal case. Id. at 2–3. Thereafter, Reed submitted an Amended Complaint (Doc. 12), which the Court struck because it did not comply with the Court's prior Order or federal pleading standards. See Order (Doc. 13). In that Order, the Court reminded Reed that

"he cannot state a malicious prosecution claim if he was adjudicated guilty." Id. at 3.

Before the Court is Reed's Second Amended Complaint (SAC; Doc. 14), in which he names one Defendant, the "lead detective" who arrested him in 2015 on charges of sexual assault stemming from victim complaints made in 2007 and 2008. See SAC at 2, 6–7. Reed asserts that Defendant Jones falsified statements to secure a warrant for his arrest. Id. at 7–8. He does not specify what "falsehood[s]" Defendant Jones told to secure the warrant, but he implies it was related to the photo spread she conducted with the victims, whom he claims never "identified [him] as their attacker." Id. at 7.[1] As relief, Reed seeks twenty million dollars and punitive damages. Id. at 9.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A

---

[1] With his SAC, Reed provides a fifty-four-page attachment (Doc. 14-1), which includes the "statement of the case and facts" from an appellate brief and additional facts explaining how Defendant Jones allegedly manipulated the investigation.

2

complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

4

masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the SAC, the Court must read Reed's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v.

5

Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). A plaintiff must allege "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Reed asserts Defendant Jones unlawfully arrested him, violating his Fourth and Fourteenth Amendment rights. See SAC at 8. As the Court previously advised Reed, see Orders (Docs. 10, 13), he cannot pursue a malicious prosecution claim against Defendant Jones if he had been convicted of the underlying criminal charges. And he was convicted. According to Reed's state court docket, on October 12, 2017, a jury found Reed guilty of three counts of sexual battery. See State v. Reed, No. 2015-CF-4140 (Fla. 4th Cir. Ct.).[3] On November 17, 2017, the trial court adjudicated him guilty and sentenced him

---

[3] The Court takes judicial notice of Reed's publicly available state court docket. See Fed. R. Evid. 201(b)(2) (a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned"). See also McDowell Bey v. Vega, 588 F. App'x 923, 926 (11th Cir. 2014) (holding the district court did not err in dismissing a complaint based in part on review of the plaintiff's state criminal docket).

to a term of life in prison. Id. Reed's direct appeal and motions for post-conviction relief were unsuccessful. Id.[4]

To the extent Reed seeks to challenge the validity of his conviction and sentence, he may not obtain relief through a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (noting that "if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence," the inmate's claim should not be raised in a § 1983 action). Rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" Heck v. Humphrey, 512 U.S. 477, 481 (1994).[5]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      This case is hereby **DISMISSED without prejudice**.

---

[4] Because of his myriad pro se filings, on January 26, 2026, the trial court barred Reed from future pro se filings. See State v. Reed, No. 2015-CF-4140 (Fla. 4th Cir. Ct.).

[5] Notably, Reed already has a federal habeas action pending in this Court. See Case No. 3:24-cv-358-BJD-LLL.

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:
Victor V. Reed